754 A.2d 1148

IN THE MATTER OF CHARLES E. MEADEN,
AN ATTORNEY AT LAW.

July 18, 2000.

## ORDER

The Disciplinary Review Board having filed with the Court its decision concluding that **CHARLES E. MEADEN** of **TENAFLY**, who was admitted to the bar of this State in 1982, should be suspended from the practice of law for a period of three years for violating *RCP* 8.4(b) (committing a criminal act that reflects adversely on a lawyers's honesty, trustworthiness, or fitness as a lawyer) and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation);

And the Disciplinary Review Board having concluded that prior to reinstatement to practice, respondent should submit proof of his psychological fitness to practice law;

And the Disciplinary Review Board further having concluded that on reinstatement, respondent should practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years, and that respondent should complete the Skills and Methods course offered by the Institute for Continuing Legal Education within one year after reinstatement;

And good cause appearing;

It is ORDERED that **CHARLES E. MEADEN** is suspended from the practice of law for a period of three years and until the further Order of the Court, effective August 11, 2000; and it is further

ORDERED that prior to reinstatement to practice, respondent shall demonstrate that he is fit to practice law, as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further

ORDERED that within one year after reinstatement, respondent shall complete the Skills and Methods course offered by the Institute for Continuing Legal Education and shall submit proof of successful completion of the course to the Office of Attorney Ethics; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.